# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE NECK HAMMOCK, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EON CONCEPTS, a dba of Lee Zhi Xing, LEE ZHI XING, an individual, and JOHN DOES 1 through 10, doing business as "Eon Concepts" on www.amazon.com,<br><br>　　　　Defendants. | **Case No.: 2:19-cv-00959-DAK-DBP**<br><br>**ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* MOTION FOR SERVICE BY ALTERNATE MEANS**<br><br>**District Judge Dale A. Kimball**<br>**Magistrate Judge Dustin B. Pead**<br><br>**JURY DEMANDED** |

　　　　This matter came before the Court on Plaintiff's *Ex Parte* Motion for Service by Alternate Means Under Rule 4(f)(3). After consideration of the Plaintiff's arguments, and for good cause shown, the Court hereby enters the following Order:

　　　　1.　　　　Plaintiff's *Ex Parte* Motion for Service by Alternate Means Under Rule 4(f)(3) and for an extension of time to effect services is GRANTED. (ECF No. 11.) Plaintiff is ordered to serve its Complaint and Summons to the following two physical addresses of Defendants: Lee Zhi Xing, 78 Upper Serangoon View #07-67, Singapore, 533879, Singapore and Lee Zhi Xing, BLK 70A HOUGANG AVE 7 #04-01, Singapore, 538804, Singapore. These addresses have been provided to the USPTO for the purpose of obtaining U.S. trademark registrations. Such service, the court finds, is constitutionally acceptable, does not violate any notions of due process, and is not prohibited by

international agreement. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (finding service under Rule 4(f)(3) is permitted where it comports with constitutional notions of due process and is not prohibited by international agreement); *see also Int'l Controls Corp. v. Vesco*, 593 F.2d 166, 176 (affirming district court's authorization of service of process by ordinary mail to last known address).

2. NH is granted an extension of time to serve its Complaint on Defendant. NH shall serve its complaint by mail within seven (7) calendar days of the date of this Order.

3. Plaintiff shall submit a certificate of compliance to the Court. Service shall be deemed complete thirty (30) days after receipt of the certificate of compliance and after Plaintiff receives a confirmation that the Complaint has been delivered to either address of the recipient.

DATED this 12th day of March, 2020.

BY THE COURT:

_____
United States District Court
Magistrate Judge Dustin B. Pead